IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER YNOSENCIO YSAIS,

    Plaintiff,

  vs.

                                      CIVIL NO. 1:08-cv-449 JB/DJS

STATE OF NEW MEXICO, JUDICIAL STANDARDS COMMISSION, as an Employee of the State of New Mexico, and as an individual, JAMES A. NOEL, in his official capacity as Executive Director of Judicial Standard Commission, and Employee of the State of New Mexico, and DAVID S. SMOAK, in his official capacity as Chairman of the Judicial Standards Commission, and Employee of the State of New Mexico, and as an individual, RANDALL D. ROYBAL, in his official capacity as Deputy Director/Chief of Staff Attorney of the Judicial Standards Commission, and Employee of the State of New Mexico, and as an individual, BILL RICHARDSON, in his official capacity as Governor, and Employee of the State of New Mexico, and as an individual, THE DISCIPLINARY BOARD, as an Employee of the State of New Mexico, and as an individual, VIRGINIA L. FERRARA, as Chief Disciplinary Counsel of the Disciplinary Board, and Employee of the State of New Mexico, and as an individual, SECOND JUDICIAL DISTRICT COURT, and as an individual, DEBORAH DAVIS WALKER, in her official capacity as an Employee of the Second Judicial District Court, and Employee of State of New Mexico, and as an individual, WILLIAM F. LANG, in his official capacity as an Employee of the Second Judicial District Court, and Employee of State of New Mexico, and as an individual, THIRTEENTH JUDICIAL DISTRICT COURT, and as an individual, NANCY COLELLA, in her official capacity as an Employee of Thirteenth Judicial District Court, and Employee of the State of New Mexico, and as an individual, STATE OF NEW MEXICO COURT OF APPEALS, and as an individual, A. JOSEPH ALARID, in his official capacity as an Employee of the Court of Appeals, and Employee of the state of New Mexico, and as an individual, CYNTHIA A. FRY, in her official capacity as an Employee of the Court of Appeals, and Employee of the State of New Mexico, and as an individual, CELIA FOY CASTILLO, in her official capacity as an Employee of Court of Appeals, and Employee of State of New Mexico, and as an individual,

    Defendants.

# MAGISTRATE JUDGE'S PROPOSED FINDINGS

# AND RECOMMENDED DISPOSITION[1]

THIS MATTER is before the Court pursuant to an Order of Reference [Doc. 334.] The District Judge requested that the undersigned Magistrate Judge conduct hearings as warranted and perform any legal analysis required to recommend an ultimate disposition of the case.

The Court concludes:

1. The Court has jurisdiction to decide the pending motions because they concern collateral matters unrelated to the issues on appeal;

2. Defendants' *Motion for Order Awarding Defendants Their Attorney's Fees and Costs* [Doc. 318] was timely filed, but Defendants have failed to meet their burden as to the reasonableness of the fees and costs claimed; and

3. The remaining motions are either moot or without merit.

Accordingly, for the reasons set forth below, the Court recommends that all currently pending motions—Documents 318, 321, 322, 324, 327, 328, 329, and 336—be **DENIED.**

## I.  BACKGROUND

Plaintiff *pro se* Christopher Ysais brought this action against numerous state court judges, state agencies or entities, and their employees who were directly or tangentially involved with divorce, child custody, and criminal proceedings for alleged child abuse involving Ysais, his former wife, and their son in the New Mexico state courts. His claims included civil rights violations under 42 U.S.C. §§ 1982 and 1983, and conspiracy claims under 42 U.S.C. §§ 1985 and 1986.

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

A review of the docket reveals that Ysais filed in excess of 70 motions between the time the Complaint was filed on May 6, 2008, and the time James O. Browning, United States District Judge, entered final judgment against him on March 31, 2009. In a Memorandum Opinion and Order also filed March 31, 2009, Judge Browning dismissed all Ysais' claims, determining that the defendants were either immune from suit, or that Ysais had failed to state a claim against them, or, in the case of Governor Richardson, that Ysais had failed to timely effect service. [Doc. 297.] In two orders filed contemporaneously with the Memorandum Opinion and Order, Judge Browning summarily disposed of Ysais' numerous remaining pending motions either as moot, or because they lacked "any sound factual or legal basis." [Docs. 300, 301.]

Ysais filed a motion to reconsider on April 6, 2009. [Doc. 303.] While the motion to reconsider was pending, Ysais filed a Notice of Appeal. [Doc. 309.] The Tenth Circuit abated the appeal pending disposition of the motion to reconsider. [Doc. 313.] On May 28, 2009, Judge Browning denied the motion to reconsider (as well as several other motions Ysais had filed in the meantime), and the Tenth Circuit lifted the abatement shortly thereafter. [Doc. 317, 319.]

While the abatement was in place, however, and after it was lifted, the parties continued a prolific motion practice, with the result that the following motions are pending:

1.   Defendants' *Motion for Order Awarding Defendants Their Attorney's Fees and Costs* [Doc. 318] filed June 10, 2009 ("Motion for Attorney's Fees and Costs");

2.   Plaintiff's *Motion to Stay on Opposing Motion for Order Awarding Defendants Their Attorney's Fees and Costs* [Doc. 321] filed June 24, 2009 ("Motion to Stay");

3.   Plaintiff's *Motion to Compel for Declaratory Jury Trial and Motion for Discovery, Inspection and Interrogatory's on Opposing Motion for Order Awarding Defendants Their Attorney's Fees and Costs* [Doc. 322] filed June 24, 2009 ("Motion to Compel");

4.   Plaintiff's *Motion for Sanctions and Disbarment on Opposing Motion for Order Awarding Defendants Their Attorney's Fees and Cost* [Doc. 324] filed June 27, 2009 ("Motion for Sanctions");

5.  *State Defendants' Motion to Strike Plaintiff's Motion to Compel for Declaratory Jury Trial and Motion for Discovery, Inspection and Interrogatory's [sic] on Opposing Motion for Order Awarding Defendants Their Attorney's Fees and Costs* [Doc. 327] filed July 13, 2009 ("Defendants' First Motion to Strike");

6.  *State Defendants' Motion to Strike Plaintiff's Motion to Stay on [sic] Opposing Motion for Order Awarding Defendants Their Attorney's Fees and Costs* [Doc. 328] filed July 13, 2009 ("Defendants' Second Motion to Strike");

7.  Plaintiff's *Motion to Strike Documents 327 and 328* [Doc. 329] filed July 26, 2009 ("Plaintiff's First Motion to Strike"); and

8.  *Motion to Strike Order Document 334* [Doc. 336] filed February 19, 2010 ("Plaintiff's Second Motion to Strike").

Because these motions all were filed after the Notice of Appeal, the Court first exams its jurisdiction to consider them.

## II.  ANALYSIS

### A.  Jurisdiction

The filing of a notice of appeal generally divests the district court of jurisdiction over the issues on appeal; however, the district court retains jurisdiction over "collateral matters" not involved in the appeal. *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citations omitted). "Attorney's fee awards are collateral matters over which the district court retains jurisdiction." *Id.* (citation omitted).

The first motion filed after the Notice of Appeal is Defendants' Motion for Attorney's Fees and Costs. [Doc. 318] It concerns a collateral matter (attorney's fees and costs), and the Court therefore has jurisdiction to decide it.

The subsequent motions can be summarized as follows: Plaintiff's Motion to Stay seeks to stay a ruling on Defendants' Motion for Attorney's Fees and Costs [Doc. 321]; Plaintiff's Motion to Compel seeks discovery and a jury trial on the Motion for Attorney's Fees and Costs [Doc. 322, ¶¶

23, 54, 56]; and Plaintiff's Motion for Sanctions seeks sanctions against Defendants for having filed the Motion for Attorney's Fees and Costs [Doc. 324, ¶ 6.]  Defendants' First Motion to Strike seeks to strike Plaintiff's Motion to Compel [Doc. 327], and Defendants' Second Motion to Strike seeks to strike Plaintiff's Motion to Strike [Doc. 328].  Plaintiff's First Motion to Strike seeks to strike Defendants' First and Second Motions to Strike [Doc. 329], and Plaintiff's Second Motion to Strike seeks to strike the District Judge's Order of Reference [Doc. 336].

These motions are all spawned by, and related to the Motion for Attorney's Fees and Costs. Like the Motion for Attorney's Fees and Costs, they are wholly collateral to the merits of the issues on appeal.  Thus, the Court retains jurisdiction to decide them.  *See Foreitch v. Am. Broad. Cos., Inc.*, 198 F.3d 270, 273–74 (D.C. Cir. 1999) (holding that, even after dismissal of action, district court retained jurisdiction over motion for attorney fees as well as motions that could moot motion for attorney fees).

**B.     Timeliness of Defendants' Motion for Attorney's Fees and Costs**

The Federal Rules of Civil Procedure state "[u]nless a statute or a court order provides otherwise, [a motion for attorney's fees] must be filed no later than 14 days after the entry of judgment." Fed.R.Civ.P. 54(d)(2)(B)(i). The time for filing attorney fee motions has been enlarged by local rule to 30 days after entry of judgment.  D.N.M.LR-Civ. 54.5(a).  *See Johnson v. Lafayette Fire Fighters Ass'n Local 472, Int'l Ass'n of Fire Fighters, AFL-CIO-CLC*, 51 F.3d 726, 729 (7th Cir. 1995) (holding that local rule is a standing order that may modify 14-day filing period for attorney fee motions).  Failure to file and serve a motion within this time constitutes waiver of a claim for attorney's fees. D.N.M.LR-Civ. 54.5(a).

The Final Judgment was entered in this case on March 31, 2009.  [Doc. 302.]  Defendants' Motion for Attorney's Fees and Costs was filed over two months later, on June 10, 2009.  [Doc.

318.]  This raises the question of the motion's timeliness.

Although the Tenth Circuit has yet to address the issue, courts that have considered it agree that the time for filing attorney fee motions does not begin to run until post-trial motions under Rules 50(b), 52(b), or 59 are resolved.  *Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005); *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685 (6th Cir. 2005); *Members First Fed. Credit Union v. Members First Fed. Credit Union of Fla.*, 244 F.3d 806, 807 (11th Cir. 2001); *Weyant v. Okst*, 198 F.3d 311, 314–15 (2d Cir. 1999); *Scottsdale Ins. Co. v. Tolliver*, No. 04-CV-0227-CVE-FHM, 2009 WL 523108 (N.D.Okla. Mar. 2, 2009) (collecting cases); *Biocore, Inc. v. Khosrowshahi*, No. Civ. A. 98-2031-KHV, 2004 WL 303194, *2 (D. Kan. Feb. 2, 2004).  Given the weight of authority, the Court concludes that the time for filing applications for attorney fees is tolled until after a ruling on motions under Rules 50(b), 52(b), or 59 are resolved.

In this case, Ysais filed a motion to reconsider on April 6, 2009.  [Doc. 303.]  The District Judge construed the motion as one brought under Rule 59(e) of the Federal Rules of Civil Procedure, and denied it on May 28, 2009.  [Doc. 317.]  Defendants' Motion for Attorney's Fees and Costs was filed 12 days later, on June 10, 2010.  The Court thus concludes that Defendants' motion was timely.

        **C.**        **Plaintiff's Motion to Stay [Doc. 321] should be denied.**

Plaintiff's Motion to Stay asserts that, because this case is on appeal, the Court lacks jurisdiction to consider the Motion for Attorney's Fees and Costs.  [Doc. 321, ¶ 5.]  This argument is without merit.  As discussed above, the district court retains jurisdiction over collateral matters such as attorney fee motions after the case is on appeal.  The Motion to Stay should therefore be denied.

        **D.**        **Plaintiff's First Motion to Strike [Doc. 329] should be denied.**

Plaintiff's First Motion to Strike asks the Court to strike Defendants' First and Second

Motions to Strike. The grounds Plaintiff asserts for striking these motions are not clear, other than that he considers them "scandalous because they infringe on [his] Constitutional rights and remedies." [Doc. 329, ¶ 11.]

In the Memorandum Opinion and Order disposing of most of Ysais' claims, Judge Browning set forth the principles applicable to motions to strike in civil cases. [Doc. 297 at 9–10.] Motions to strike fall under Rule 12(f) of the Federal Rules of Civil Procedure which, by its express terms, applies only to material contained in a "pleading." Fed.R.Civ.P. 12(f). "Generally, therefore, motions, briefs, and memoranda may not be attacked by a motion to strike." [Doc. 297 at 9 (citation omitted).] The exception to this principle is a document that is not allowed by local rule, such as a surreply filed without leave of court. [Doc. 297 at 10.]

In light of these principles, the motion is without merit. First, the Motions to Strike are not pleadings, and second, the Court has read Defendants' Motions to Strike and concludes they do not contain scandalous material. Having offered no good reason to strike the Motions to Strike, Plaintiff's First Motion to Strike should be denied.

### E. Defendants' First and Second Motions to Strike [Docs. 327, 328] should be denied.

Defendants' First Motion to Strike asks the Court to strike Plaintiff's Motion to Compel. Defendants offer two reasons for striking the Motion to Compel: (1) the Motion to Compel mischaracterizes Defendants' Motion for Attorney's Fees and Costs as a Rule 60(b) motion; and (2) the Court lacks jurisdiction to consider the Motion to Compel because this case is on appeal. [Doc. 327.] Defendants' Second Motion to Strike asks the Court to strike Plaintiff's Motion to Stay essentially on the grounds that it lacks merit. [Doc. 328.]

Based on the principles applicable to motions to strike, the Court concludes Defendants'

arguments are without merit. First, merely because the Motion to Compel uses erroneous terminology is not grounds to strike it. Second, the Court has concluded, contrary to Defendants' argument, that the Motion to Compel is a collateral matter over which it retains jurisdiction. Third, that the Motion to Stay lacks merit is a reason to deny it, not grounds to strike it from the record. Having presented no good reason to strike the Motion to Compel or the Motion to Stay, Defendants' First and Second Motions to Strike should be denied.

### F.     Defendants' Motion for Attorney's Fees and Costs [Doc. 318] should be denied.

#### 1.     Standards for recovering attorney's fees

Defendants seek fees under 42 U.S.C. § 1988(b), which gives a court the discretion to award reasonable attorney's fees to the prevailing party in a civil rights lawsuit. "The standard for awarding attorney's fees to a prevailing defendant in a civil rights lawsuit varies significantly from the standard for awarding fees to a prevailing plaintiff." *Seeds v. Lucero*, 207 F.Supp.2d 1297, 1988 (D.N.M. 2002) (Black, J.). Whereas a plaintiff who prevails normally is entitled to fees, a prevailing defendant should recover fees only where the "plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* (citing *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000); *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell*, 218 F.3d 1190, 1203 (10th Cir. 2000) (citing *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995)). Nevertheless, there are cases in which an award of fees to a prevailing defendant are justified. *See, e.g.*, *Crabtree v. Muchmore*, 904 F.2d 1475, 1477 (10th Cir. 1990) (affirming award of fees where defendant judge was clearly insulated from suit by doctrine of absolute immunity).

Once the court determines that an award of attorney's fees is appropriate, the court must then

determine the amount of the award. To determine a reasonable attorney's fee, the district court must arrive at a 'lodestar' figure by multiplying the hours spent on the litigation by a reasonable hourly rate. *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998).

Determining the amount of a fee award is a painstaking process. "[T]he first step in calculating the lodestar is determining the number of hours reasonably spent by counsel for the party seeking fees." *Case*, 157 F.3d at 1250. "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is required and how those hours were allotted to specific tasks." *Id.* With the billing records before it, the court must engage in a process of winnowing down the hours actually expended to arrive at the hours reasonably expended. *Id.* The court must examine the specific tasks to determine whether they are properly chargeable, and then evaluate the hours expended on each task to determine if they are reasonable. *Id.*

Once the court has arrived at a reasonable number of hours, it must determine a reasonable hourly rate for each attorney. The determination of a reasonable hourly rate should be based "on what the evidence shows the market commands for civil rights or analogous litigation." *Case*, 157 F.3d at 1255 (citing *Beard v. Teska*, 31 F.3d 942, 955–57 (10th Cir. 1994)). To meet its burden, the party seeking fees should submit evidence of the hourly rate the attorneys would be able to charge if working in the civil rights field. *Id.* at 1257 (citing *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled in part on other grounds by Pennsylvania v. Del Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). Absent adequate evidence of prevailing market rates, the court may, in its discretion, rely on other factors such as its own knowledge to establish a reasonable hourly

rate. *Id.*

Attorney fee awards are reviewed on appeal for abuse of discretion. *Case* 157 F.3d at 1249. Nevertheless, the district court must provide a concise and clear explanation that gives an adequate basis for review, and it must follow the guidelines established by the Supreme Court and the Tenth Circuit. *Id.*

### 2. Standards for recovering costs

Certain items not reimbursable as attorney's fees under section 1988 may be recovered under the general costs statute, 18 U.S.C. § 1920. *Case*, 157 F.3d at 1258. Recoverable costs include copies of papers "necessarily obtained" for use in the case. *Id.* (citing *Ramos*, 713 F.2d at 560). The fee applicant bears the burden of establishing the amount of compensable costs and expenses to which it is entitled. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1208 (10th Cir. 1986).

### 3. Analysis of Defendants' Motion for Attorney's Fees and Costs

Defendants request an award of $26,538.50 in attorney fees and $613.30 in copying costs. [Doc. 318 at 5.] They bear the burden of establishing both entitlement to fees and the amount. *Mares*, 801 F.2d at 1201. In accordance with that burden, the District of New Mexico Local Rules provide: "Movant must submit a supporting brief and evidence (affidavits and time records)." D.N.M.LR-Civ. 54.5(a).

Defendants have failed to submit affidavits and time records as required by Local Rule 54.5(a). The motion briefly recounts the factual and procedural history of this case, recites the standard for obtaining fees and costs under section 1988, and then sets forth a single paragraph of "argument" in support of the request for an award of fees and costs. [Doc. 318 at 4.] Defendants assert that the litigation is duplicative of other lawsuits Plaintiff has filed, a fact noted by the District Judge, and that Plaintiff "filed numerous motions in this case, all of which were eventually

dismissed and many of which were frivolous and lacked any legal basis." [Id.] Defendants also assert that many allegations in Plaintiff's Complaint and motions were "nothing more than conclusory statements and not supported by any facts." [Id.]

Assuming that Defendants' one paragraph of argument could suffice to demonstrate this is one of those rare cases in which the defendant is entitled to a fee award because plaintiff's action was frivolous, unreasonable, or without foundation, Defendants have wholly failed to carry their burden as to the reasonableness of the amount requested. They have not submitted affidavits, time records, hourly rates, descriptions of tasks, the names of the attorneys that performed the tasks, copy receipts, or any other evidence to support an award of fees and costs. In short, Defendants have provided nothing but undifferentiated lump sum totals without any supporting documentation or evidence.

Prevailing parties that might otherwise be entitled to an award of fees and costs necessarily assume the risks inherent in a failure to meet their burden of establishing that the amount requested is reasonable. *Mares*, 801 F.2D at 1208. The legal standards for fee requests require the Court to carefully scrutinize the tasks, the hours expended, and the hourly rates submitted by the movant, and to determine whether they are reasonable. Without the information required by Local Rule 54.5, the Court is unable to evaluate the application or the reasonableness of the attorney's fees and costs Defendants allegedly incurred. Accordingly, Defendants' Motion for Attorney Fees and Costs should be denied because Defendants have failed to meet their burden.

**G.     Plaintiff's Motion to Compel [Doc. 322] should be denied**.

Although not entirely clear, Plaintiff's Motion to Compel appears to demand a jury trial on Defendants' Motion for Attorney's Fees and Costs. [Doc. 322, ¶¶ 23, 54, 56.] The Motion to Compel also responds to Defendants' argument that the lawsuit is frivolous. Given the Court's

recommendation that Defendants' Motion for Attorney's Fees and Costs be denied, the Motion to Compel should be denied as moot.

**H.     Plaintiff's Motion for Sanctions [Doc. 324] should be denied**.

Plaintiff asserts that Defendants' Motion for Attorney's Fees and Costs violates Rule 11 of the Federal Rules of Civil Procedure because it was not brought in good faith. He moves for "sanctions and disbarment." [Doc. 324, ¶¶ 1,4.]

By presenting a signed motion to the court, an attorney certifies: (1) it is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or by nonfrivolous argument; (3) the factual contentions have evidentiary support; and (4) the denials of factual contentions are warranted by evidence or reasonably based on belief or a lack of information. Fed.R.Civ.P. 11(b). Upon motion or its own initiative, and after notice and a reasonable opportunity to respond, the court may impose sanctions if it determines a party has violated Rule 11. Fed.R.Civ.P. 11(c)(1)–(3). The court should use an "objective reasonableness" test to determine if a Rule 11 violation has occurred. *Schrag v. Dinges*, Nos. 94-3005, 94-3093, 94-3102, 73 F.3d 374, 1995 WL 675475 (10th Cir. Nov. 14, 1995) (unpublished table opinion).

The Court concludes that Defendants' Motion for Attorney's Fees and Costs does not violate Rule 11. Defendants are the prevailing parties in this case, and are therefore entitled to seek an award of fees and costs. Thus, the motion is not improper. Furthermore, the arguments in the motion, such as they are, are not frivolous. And though Defendants failed to meet their burden to come forth with affidavits and time records, they undoubtedly did incur some fees and costs defending this lawsuit. Accordingly, the Motion for Sanctions should be denied.

**I.     Plaintiff's Second Motion to Strike [Doc. 336] should be denied**.

Plaintiff moves to strike the District Judge's Order of Reference under Rule 12(f) of the

Federal Rules of Civil Procedure.[2]  [Doc. 336.]  He asserts the Order of Reference is unconstitutionally vague.  [Doc. 336 at 2.]

As discussed above, Rule 12(f) applies to pleadings; it does not apply to motions, memoranda, or briefs, much less to orders issued by the court.  The Second Motion to Strike should be denied.

### III. RECOMMENDATION

The Court recommends:

1.   Defendants' *Motion for Order Awarding Defendants Their Attorney's Fees and Costs* [Doc. 318] filed June 10, 2009, be **DENIED**;

2.   Plaintiff's *Motion to Stay on Opposing Motion for Order Awarding Defendants Their Attorney's Fees and Costs* [Doc. 321] filed June 24, 2009, be **DENIED**;

3.   Plaintiff's *Motion to Compel for Declaratory Jury Trial and Motion for Discovery, Inspection and Interrogatory's on Opposing Motion for Order Awarding Defendants Their Attorney's Fees and Costs* [Doc. 322] filed June 24, 2009, be **DENIED**;

4.   Plaintiff's *Motion for Sanctions and Disbarment on Opposing Motion for Order Awarding Defendants Their Attorney's Fees and Cost* [Doc. 324] filed June 27, 2009 be **DENIED**;

5.   *State Defendants' Motion to Strike Plaintiff's Motion to Compel for Declaratory Jury Trial and Motion for Discovery, Inspection and Interrogatory's [sic] on Opposing Motion for Order Awarding Defendants Their Attorney's Fees and Costs* [Doc. 327] filed July 13, 2009, be **DENIED**;

6.   *State Defendants' Motion to Strike Plaintiff's Motion to Stay on [sic] Opposing Motion for*

---

[2]Plaintiff's Second Motion to Strike was preceded by a "Notice" objecting to the Order of Reference.  [Doc. 335.]

*Order Awarding Defendants Their Attorney's Fees and Costs* [Doc. 328] filed July 13, 2009, be **DENIED**;

7. Plaintiff's *Motion to Strike Documents 327 and 328* [Doc. 329] filed July 26, 2009, be **DENIED**; and

8. *Motion to Strike Order Document 334* [Doc. 336] filed February 19, 2010, be **DENIED**.

_____
**DON J. SVET**
**United States Magistrate Judge**